# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                        :          Case No. 3:04-cr-091
                                                        Also Case No. 3:12-cv-113

                                                        District Judge Thomas M. Rose
      -vs-                                     Magistrate Judge Michael R. Merz
                                               :

KEVIN LAMAR GREEN,

       Defendant.

## ORDER STRIKING CHARACTERIZATION AS § 2255 MOTION; REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's "Motion to Rectify Record Judgement or Order Pursuant to Fed. R. Crim. P. Rule 36 Clerical Error" (Doc. No. 99).

The Clerk's Office, upon filing, characterized this Motion as a Motion to Vacate under 28 U.S.C. § 2255. However, Defendant makes no mention of § 2255 in the Motion and the Supreme Court has directed that

> A federal court cannot recharacterize a pro se litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If these warnings are not given, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro v. United States*, 540 U.S. 375 (2003). Therefore the Clerk's characterization of the instant Motion as made under § 2255 is STRICKEN. The Motion will not be considered under § 2255.

1

Because the Motion is a collateral attack on the judgment in this criminal case, it has been referred to the undersigned United States Magistrate Judge under the Court's General Order of Assignment and Reference.

The gravamen of Defendant's claim is that he is unconstitutionally imprisoned because the Congress of the United States lacks the power to adopt the statutes under which he was convicted, 18 U.S.C. § 371 (conspiracy to commit armed bank robbery), 18 U.S.C. § 2113(a) and (d)(armed bank robbery), and 18 U.S.C. § 924(c)(1)(A)(ii)(use of a firearm in commission of a crime of violence). He asserts unconstitutionality under the Tenth Amendment; Article I, Section 18, Clause 17 (the "Necessary and Proper" Clause, which is actually Article I, § 8, Clause 17); the Ex Post Facto Clause; the Due Process Clause; the Establishment Clause; Article III; and the "Separation of Powers" Clause (Motion, Doc. No. 99, PageID 934).

While a *pro se* litigant is entitled to have his claims construed broadly, the same is not true of a federal court's subject matter jurisdiction. To the contrary, we are required to construe our jurisdiction narrowly. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976).Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

It is unclear (and Defendant cites no authority on the point) how this Court has jurisdiction

to consider this case. A federal court has authority to review its criminal judgments for unconstitutionality under 28 U.S.C. § 2255, but under *Castro, supra*, we cannot construe a filing as a § 2255 motion without a defendant's telling us to do so, and Defendant here has not. Federal courts have habeas corpus jurisdiction under 28 U.S.C. § 2241, but a habeas action may be brought under that statute by a federal prisoner who cannot file a motion under §2255 only if he can show actual innocence and Defendant here has not attempted to do so. Fed. R. Crim. P. 36, which Defendant expressly cites, does not create jurisdiction. Indeed, under the Rules Enabling Act, the Supreme Court cannot adopt a rule which creates jurisdiction. 28 U.S.C. § 2072(b).

Even assuming that the Court had jurisdiction, the Motion is without merit. The power of the Congress of the United States to charter banks under the Necessary and Proper Clause has been firmly established for almost two hundred years. *McCulloch v. Maryland,* 17 U.S. 316, 4 L. Ed. 579 (1819)(Marshall, C.J.). Nothing in the Supreme Court's recent jurisprudence calls *McCulloch* into question. If Congress can establish such banks by charter, surely it has the power to protect them from armed violence as it has done in the statutes under which Defendant was convicted.

Defendant relies on *Bond v. United States*, 131 S. Ct. 2355 (2011). In that case a criminal defendant was held to have standing to raise a Tenth Amendment challenge to the statute under which she was convicted. The Third Circuit had held that only States have standing to raise a Tenth Amendment claim. There is no doubt that Defendant here satisfies the standing requirements to raise a Tenth Amendment claim, but that does not suggest there is any merit to his claim. The Supreme Court in no way suggested that Ms. Bond's Tenth Amendment claim had merit.

On the basis of *McCulloch, supra,* and because this Court's authority to act has not been shown, it is respectfully recommended that the Motion to Rectify be denied.

April 21, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).